**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**GUADALUPE FRAUSTO,**

      Plaintiff,

      **v.**                                             **CASE NO. 3:04-cv-894-J-16TEM**

**ARTHUR PICKLO, individually and as**
**an employee of the Florida Department of**
**Financial Services, formerly known as the**
**Florida Department of Insurance, Division**
**of Insurance Fraud, DON TAYLOR,**
**individually and as an employee of the**
**Florida Department of Financial Services,**
**formerly known as the Florida Department**
**of Insurance, Division of Insurance Fraud,**
**and RON W. POINDEXTER, individually**
**and as Director of the Division of**
**Insurance Fraud,**

      Defendants.

_____/

## O R D E R

Before the Court are Defendants Don Taylor and Ron W. Poindexter's Motion for Award of

Attorney's Fees and Supporting Memorandum of Law (Dkt. 47), filed pursuant to Rules 11 and

54(d)(2), Federal Rules of Civil Procedure, and Local Rule 4.18(a), Rules of the Middle District of

Florida, and Motion to Tax Costs (Dkt. 48).  Although the motions indicate that the Plaintiff objects to

the relief sought, the Plaintiff did not file a response to either motion.

The Plaintiffs' original Complaint (Dkt. 1) alleged civil rights claims against Taylor and

Poindexter, in their individual and official capacities, based on 42 U.S.C. §1983.  The Plaintiff alleged

that Defendant Arthur Picklo was a law enforcement officer with the Florida Department of Insurance,

Division of Fraud, who was working undercover investigating workers' compensation fraud by

construction companies, including the company that employed Plaintiff Guadalupe Frausto. Defendant

Taylor was allegedly Picklo's immediate supervisor, while Defendant Poindexter was the director of

the Division of Insurance Fraud.  Picklo allegedly stopped the Plaintiff's vehicle on September 15, 2000.

He then allegedly entered Frausto's vehicle, demanded money, and then pulled out a gun and shot

Frausto in the face and neck, causing him serious and permanent physical and psychological injuries.

The Complaint alleged that the Defendants were deliberately indifferent to Plaintiff Frausto's

constitutional rights when they failed to adequately supervise, direct and control Picklo.  The Plaintiff

claimed that Picklo was acting under the supervision and direction of the Defendants, and yet they

"knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiff's rights, failed

to instruct, supervise, control and discipline" Picklo to refrain from violating citizens' constitutional

rights.  In Count III of the original Complaint, the Plaintiffs attempted to state a claim for loss of

companionship and consortium on behalf of Frausto's spouse, Susan Frausto, but that claim was

voluntarily dismissed by the Plaintiffs on December 15, 2004 (Dkt. 19).

On February 7, 2005, the Court dismissed the claims against Taylor and Poindexter in their

individual capacities, without prejudice, while also dismissing the claims against the Defendants in their

official capacities with prejudice (Dkt. 23).  The Plaintiff responded by filing a First Amended

Complaint (Dkt. 34), adding some factual allegations but continuing to allege *both* official and

individual capacity claims against Taylor and Poindexter under Section 1983.  The Court dismissed all

of these claims with prejudice by Order of April 26, 2005 (Dkt. 44).

In both of its orders, the Court agreed with the Defendants that the Plaintiff could not state

Section 1983 claims for monetary relief against them in their official capacities, because those claims

are in fact against the state and are therefore barred by Eleventh Amendment sovereign immunity as a

matter of law.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Kentucky v.

Graham, 473 U.S. 159, 165-66 (1985).  The Court also found that Taylor and Poindexter are entitled

to qualified immunity from individual capacity claims under Section 1983 because they were acting

within the scope of their official discretionary authority, and the Plaintiff could not show that either

Taylor or Poindexter personally violated any of his clearly established constitutional rights.  The Court

reasoned that there were no allegations that would put the Defendants on notice that Picklo would

commit such a heinous act, or that improved training or supervision would have prevented the criminal

act.  See, e.g., Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991); Harbert Intern., Inc. v.

James, 157 F.3d 1271, 1281-82 (11th Cir. 1998); Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1194

(11th Cir. 2003); Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003).  Instead, the Court held that

Frausto had only alleged a single, isolated violent act by Picklo for which neither Taylor nor Poindexter

could not be held responsible.  See also Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511

U.S. 825, 836 (1994); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); City of Canton v.

Harris, 489 U.S. 378, 387-91 (1989); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

    A.  Motion for Attorney's Fees

    The Defendants now claim they are entitled to reasonable attorney's fees as the prevailing parties

under Rule 54, Federal Rules of Civil Procedure.  The Defendants assert that neither complaint was

sufficient to show that they personally participated in any constitutional deprivations, or that any lack

of training or supervision led to Picklo's heinous acts.  See, e.g., Christiansburg Garment Co. v. Equal

Employment Opportunity Commission, 434 U.S. 412, 423 (1978); Turner v. Sungard Business Systems,

Inc., 91 F.3d 1418, 1422 (11th Cir. 1996).  Moreover, they claim that the Plaintiff's insistence on

pursuing his "official capacity" claims against them, despite clear precedent and the Court's previous

Order to the contrary, entitles them to attorney's fees under Rule 11, Federal Rules of Civil Procedure.

The Defendants argue that the Plaintiff should be responsible for their attorney's fees under Rule 11 because he has insisted on pursuing his "official capacity" claims against them in bad faith, despite contrary case law and the Court's previous dismissal with prejudice. See Will, 491 U.S. at 71; Graham, 473 U.S. at 165-66; DeSisto College, Inc. v. Line, 888 F.2d 755, 766 (11th Cir. 1989); Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991). In short, not only did Frausto fail to research the Eleventh Amendment issue prior to bringing his initial "official capacity" claims against the Defendants, but they argue that his continued litigation of the issue in spite of clear case law and a Court Order barring such claims demonstrates "bad faith" that justifies fees as a Rule 11 sanction.

The Court agrees that an attorney's fees award in favor of the Defendants is justified under these circumstances. Not only was Eleventh Amendment immunity clearly applicable to any official capacity claims from the outset, but certainly the Plaintiff should have abandoned any such claims in his First Amended Complaint in light of the Court's February 2005 Order of dismissal. The Plaintiff has offered absolutely no justification for his continued pursuit of such claims against Taylor and Poindexter. See, e.g., Fox, 937 F.3d at 1570. The Defendants should therefore be entitled to reasonable attorney's fees in having to defend these groundless claims.

In addition, the Taylor and Poindexter argue that attorney's fees are justified as to the Plaintiff's "individual capacity" claims because the Defendants were the "prevailing parties" under Rule 54, Federal Rules of Civil Procedure, and 42 U.S.C. §1988. The Defendants argue that the Plaintiff's claims were "unreasonable or without foundation," and accordingly the Court has discretion to award them fees even in the absence of bad faith. See, e.g., Christiansburg Garmet Co., 434 U.S. at 422-23; Turner, 91 F.3d at 1422. The Defendants assert that the Plaintiff failed to allege a deliberate indifference to his rights or a causal connection between Picklo's allegedly deficient training and supervision and his isolated criminal act, despite being given two chances to do so. See, e.g., Brown, 906 F.2d at 671;

4

Sewell v. Town of Lake Hampton, 117 F.3d 488, 490 (11th Cir. 1997). Therefore, they argue that the Court should appropriately use its discretion in awarding attorney's fees as to the Plaintiff's "individual capacity" claims under Section 1983.

Although the Court cannot find that the Plaintiff's "individual capacity" Section 1983 claims were completely frivolous or made in bad faith, the Court does note that Section 1988 provides additional justification for an award of attorney's fees in this case. This is especially true because the Plaintiff has offered no argument in response to the Defendants' Motion, nor has he attempted to justify his claims so as to convince the Court that the Defendants should not be entitled to fees. Instead, the Plaintiff merely twice attempted to state claims against these officials, without any clear facts to support the claims or override an immunity defense, leading to dismissals in favor of Taylor and Poindexter on the face of the two complaints. The Court finds that these circumstances provide additional justification for the exercise of its discretion in awarding reasonable attorney's fees to the Defendants.

B. Motion for Costs

The Plaintiff also has not filed a response to dispute the Defendants' Bill of Costs, which totals $204.44 and was entered by the Clerk of Court on May 13, 2005 (Dkt. 49). The only costs are for exemplification and copies of papers the Defendants "necessarily obtained for use in the case." Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, such taxable costs as allowed "as of course to the prevailing party," and as such there is a presumption in favor of awarding costs. See, e.g., Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F. Supp. 906, 910-13 (M.D. Fla. 1989). The Defendants' taxable costs are therefore approved and are awarded in accordance with the Clerk's entry.

Accordingly, Defendants Don Taylor and Ron W. Poindexter's Motion for Award of Attorney's Fees (Dkt. 47) and Motion to Tax Costs (Dkt. 48) are **GRANTED.** The Defendants shall, within ten (10) days of the date of this Order, file with the Court a notice of the amount of attorney's fees they are

5

claiming, together with detailed affidavits from counsel demonstrating and supporting the reasonableness of the fees.  The Plaintiff shall then have ten (10) days from the date Defendants files their notice(s) in which to file any objection(s) to the amount or reasonableness of the fees.  After that time, the Court will enter an order awarding reasonable attorney's fees to Taylor and Poindexter.

        **DONE AND ORDERED** in Chambers at Jacksonville, Florida this 15th day of June, 2005.

_____
JOHN H. MOORE II
United States District Judge


**Copies to:**      Counsel of Record
                   Law Clerk